Stanley Dominczak v. Commissioner.
Dominczak v. Commissioner
Docket No. 16717.
United States Tax Court
1949 Tax Ct. Memo LEXIS 288; 8 T.C.M. (CCH) 31; T.C.M. (RIA) 49007; January 19, 1949
Anthony L. Lutomski, Esq., for the petitioner. Philip J. Wolf, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined deficiencies of $6,176.27 and $3,399.66 in petitioner's income and victory tax for the calendar years 1943 and 1944, respectively, by denying petitioner's claim that a valid partnership for Federal income taxes existed between him and his wife during those years, and that the profits from a beer and liquor business operated under the name of Dominczak's Bar were taxable one-half to him and one-half to his wife. Petitioner waives his other assignment of error relating to the taxability of certain rental income. Findings of Fact Petitioner, a resident *289 of Detroit, Michigan, filed his income tax returns for the calendar years 1943 and 1944 with the collector of internal revenue for the district of Michigan at Detroit, Michigan. His wife, Rosa Dominczak, also filed separate returns for both years in which she reported one-half of the profits from the alleged partnership. They also filed partnership returns for 1943 and 1944, reporting as income distributable one-half to each the profits of a beer and liquor business operated under the firm name of Dominczak's Bar. Petitioner and his wife were married in 1917, and they had five children, (3 sons and 2 daughters) born respectively in 1918, 1920, 1922, 1924 and 1926. He was a native of Poland, but became a naturalized American citizen in 1937. His wife was a native born citizen. From 1933 to 1937 petitioner was engaged in the business of driving a truck for a beer distributor in Detroit, Michigan. He and his wife were thrifty and hard working, saved their money and she kept boarders, before they went into the liquor business. In 1936 one Cetlinski, owner and operator of a class C liquor establishment owing petitioner $250 for money borrowed the previous year, came to petitioner and *290 said that he had not made enough money from the business to pay for the new liquor license and offered to sell the business to petitioner for $500, $250 to be a cancellation of the existing indebtedness and an additional cash payment of $250. Petitioner consulted his wife and they decided that since this might be the only way to collect the money owing by Cetlinski, to accept the offer and the transaction was closed on that basis. The petitioner paid the $250 in cash from money he had saved. Petitioner's wife agreed to and did pay the $500 required for the annual liquor dealer's license out of her savings, most of which had been derived from keeping boarders, and the license was issued in her name, upon her personal application. In 1936, when the business was bought from Cetlinski, petitioner was not an American citizen and under Michigan law was ineligible to be the licensee in a liquor dealer's license. However, within a year he became a naturalized citizen and was eligible to have same issued in his name, but upon his wife's insistence and his concurrence the license each year including 1943 and 1944 and since has been issued in her name. The property delivered from Cetlinski *291 was the equipment of the bar room, including a small bar, tables and chairs, but there was no liquor transferred. The sale from Cetlinski was negotiated and closed without the services or consultation of an attorney - only a notary public was consulted by petitioner in securing the liquor license. No evidence was offered as to whether or not there was a written bill of sale or other writing relating thereto, and there was no evidence concerning the existence or transfer of a lease of the premises in which the business was carried on. The business was carried on under the firm name of Dominczak's Bar and petitioner's wife at all times, including 1943 and 1944, personally participated in its operation and management and she spent on an average ten hours daily at the place of business except for some weeks in 1943 when she was prostrated by grief and resultant illness occasioned by the death overseas of one of their sons, all three of whom were in the war. For a year after the purchase, petitioner retained his job with the beer distributor and he could be at the saloon much less time than his wife, and she alone managed and carried on the business during that period of time, except *292 for some assistance given by petitioner when he could spare the time from his other job. Thereafter petitioner and his wife both were there. Petitioner speaks a broken English and his wife is better educated and appears to be more intelligent. Services performed by petitioner's wife included attending bar, taking orders for and selling beer and liquor, hiring employees and directing them in their work. She necessarily made all liquor purchases for the business, since her license permitted her alone to make same in person, and she made trips about twice a week to the state liquor warehouse therefor. Payment for all beer was by cash and any member of the Dominczak family (usually petitioner or his wife) who happened to be present at the time of delivery made such payment. The accounting records of the business consisted of one small book in which purchases and sales were recorded. Petitioner's wife and their daughter made most of the entries in the book. No capital or partnership accounts were maintained on the books of the business, no commercial bank account was maintained for the business, all money received was deposited in a joint bank account of petitioner and his wife, and the *293 signature of either to a check was sufficient. Either petitioner or his wife would endorse pay roll checks of customers and cash same with their bank. The place was open from seven A.M. to two A.M. the next morning and petitioner and his wife would alternate in being there, one working while the other slept. With the exception of the oldest daughter, the children would also assist at the saloon when they were not in school, or away in the army. Petitioner filed no Federal income tax return until the year 1943. In addition, no partnership return of income was filed for Dominczak's Bar prior to 1943. Prior to 1943, the income of Dominczak's Bar was reported each year in the individual income tax return filed by Rose Dominczak, petitioner's wife. The net income of Dominczak's Bar in the years 1941 and 1942, as reported on Rose Dominczak's individual income tax returns in those years, was as follows: 1941, $5,401.68; 1942, $4,913.44. The net income of Dominczak's Bar in the years 1943 and 1944, as reported on the partnership returns of income filed for the business in those years, was as follows: 1943, $24,771.57; 1944, $17,262.66. No written partnership agreement between petitioner *294 and his wife was ever executed, but they regarded themselves as equal partners and conducted the business as such. They also owned two pieces of real estate in Detroit, which they owned jointly, title being in both of their names. In 1943 their attorney advised them that the Michigan law then recognized a partnership between husband and wife, and that they had a right to and should file their income tax returns as partners, which they did. Opinion Did the Commissioner properly determine that the entire income of Dominczak's Bar for the taxable years was taxable to the petitioner under the provisions of section 22 (a), Internal Revenue Code, is the question respondent propounds in his brief. We think the answer is no. The evidence clearly reveals that a valid partnership existed between petitioner and his wife for income tax purposes and hence one-half of the income belonged to him and one-half to his wife and was taxable to each in that proportion. Both parties cite Commissioner v. Tower, 327 U.S. 280. Respondent in his brief correctly interprets the holding of the Supreme Court in that case, viz.: "* * * if a husband seeks to establish *295 that his wife is a partner with him in a business enterprise for Federal income tax purposes, the husband must show that the wife either (1) substantially contributed to the control and management of the business or otherwise performed vital additional services, or (2) invested in the business capital originating with her." Both of these requirements are sustained by the evidence. Upon the acquisition of the business, petitioner's wife invested $500 originating with her and petitioner invested a like sum, and hence they were equal partners from the beginning. We deem it unnecessary to recount the evidence, as we have detailed it at length in our findings of fact, but in our judgment the record justifies the conclusion that the petitioner's wife did substantially contribute to the control and management of the business and likewise performed vital additional services thereto. We have carefully examined and considered all of the cases cited by respondent and the facts in each of them are materially different from those in the instant case and they do not sustain his contention here, and accordingly respondent's determination of deficiency is reversed. Since petitioner waives *296 one of his assignments of error, Decision will be entered under Rule 50.